UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STATES RESOURCES CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11CV00161 LMB |
| ) | |
| RABURN EVANS GLASS SERVICE, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On September 2, 2011, plaintiff filed a Motion for Order of Prejudgment Seizure, in which plaintiff requests that the court enter an order pursuant to Missouri Supreme Court Rule 99.03 directing the United States Marshal to take immediate possession of collateral that is now in possession of Defendant Raburn Evans Glass Service, Inc. (Doc. No. 8). Plaintiff has attached an Affidavit to Obtain Immediate Possession of Property (Exhibit A), which it incorporates in its motion.

In any federal court proceeding, every remedy for seizing a person or property is available to the parties that is already available "under the law of the state where the court is located. . . ." Fed. R. Civ. P. 64(a). This rule specifically includes a replevin action. Fed. R. Civ. P. 64(b).

Replevin is a possessory action, which tests the moving party's right to immediate possession of a chattel, while challenging the opposing party's wrongful detention. First Tenn. Bank Nat'l Ass'n v. Graphic Arts Ctr., Inc., 859 S.W.2d 858, 863 (Mo. Ct. App. 1993); Mo. Sup. Ct. R. 99.01. In a replevin action, the moving party must file an affidavit with the court. Mo. Sup. Ct. R. 99.03. This affidavit must (a) include a description of the property; (b) describe the facts showing the party is entitled to possession of the property; (c) list the actual value of the

property; (d) state that the property has not been seized by any legal process; and (e) state that the moving party risks losing the property unless it immediately obtains the property, or unless the property is secured.  Mo. Sup. Ct. R. 99.03(a)-(e).  Beyond this affidavit, the moving party must also deliver a bond to the court, which is equal to twice the value of the property at issue.  Mo. Sup. Ct. R. 99.06.

The absence of allegations of specific facts in the affidavit required to be submitted under Rule 99.03 is a fundamental defect which may not be cured by amendment.  See State ex. rel. Tallen v. Marsh, 633 S.W.2d 458, 461-62 (Mo. Ct. App. 1982).  See also John Deere Co. v. Major, 620 F. Supp. 81 (W.D. Mo. 1985).  In John Deere Co., the plaintiff in a replevin action argued that farm equipment was probably being used in the harvest, resulting in wear and tear; that debtors in default sometimes attempt to dispose of secured property; and that the value of use of the equipment was being lost on a daily basis.  Id. at 82.  The Court held that these facts did not "establish that the property is in jeopardy pending litigation so as to justify the drastic remedy of prejudgment seizure."  Id.

In this case, plaintiff has submitted the Affidavit of Cory Butler of State Resources Corp. ("SRC").  (Ex. A).  Mr. Butler states that he is employed by SRC as Manager, Special Assets Division, and that one of the accounts assigned to him concerns a Change in Terms Agreement and a Commercial Security Agreement that were executed by Defendant Raburn Evans Glass Service, Inc. ("Raburn") in favor of SRC on January 20, 2010.  Mr. Butler states that SRC is a secured creditor of Raburn.  Mr. Butler states that Raburn defaulted under the terms of the Change in Terms Agreement, entitling SRC to immediate possession of the following collateral: (1) 1996 Chevrolet Pickup with the VIN Number 1GCGC34R9TZ112635; (2) 2000 Chevrolet Pickup with the VIN Number 1GCGC34J3YR105858; (3) all inventory; and (4) all equipment.

Mr. Butler states that the above collateral is now located at 138 North Ranney Street, Sikeston, Missouri, 63801 ("Ranney Property").  Mr. Butler states that the actual value of the collateral is unknown and it has not been seized under any legal process, execution or attachment.  Mr. Butler states that SRC is in danger of losing the collateral unless immediate possession is obtained or otherwise secured.  Mr. Butler indicates that, on or about August 1, 2011, SRC sought to take possession of the 1996 Pickup and the 2000 Pickup, but upon information and belief the vehicles were locked inside of a building at the Ranney Property so as to prevent their rightful return to SRC.  Mr. Butler states that Raburn has fraudulently concealed or removed the collateral herein described so as to hinder or delay its creditors, or in the alternative, Raburn intends to fraudulently conceal or remove the collateral so as to hinder or delay its creditors.

The undersigned finds that the facts alleged in the affidavit of Mr. Butler do not establish that plaintiff is entitled to immediate possession of the collateral.  First, plaintiff does not list the actual value of the property, as required by Rule 99.03.  Rather, plaintiff states that the "actual value of the collateral is unknown."  Ex. A at ¶ 7.  Plaintiff is unable to comply with Rule 99.06, which requires the delivery of a bond to the court equal to twice the value of the property, if the value of the collateral is not provided.

Plaintiff has also failed to demonstrate that it risks losing the property unless it immediately obtains the property.  In support of its argument that SRC is in danger of losing the collateral unless immediate possession is obtained, plaintiff alleges that SRC attempted to take possession of the 1996 Pickup and the 2000 Pickup but these vehicles were locked inside of a building at the Ranney Property.  Plaintiff argues that Raburn has fraudulently concealed or removed the collateral to hinder or delay its creditors, "or in the alternative, Raburn intends to fraudulently conceal or remove the collateral so as to hinder or delay its creditors."  (Ex. A at ¶

- 3 -

11).  These allegations do not provide the specificity required by Rule 99.03.  The fact that Raburn keeps its vehicles in a locked structure does not establish that it fraudulently concealed the collateral.  Plaintiff has failed to allege facts showing that the collateral is in jeopardy pending litigation to justify the "drastic remedy of prejudgment seizure."  John Deere Company, 620 F. Supp. at 82.  As such, plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Order of Prejudgment Seizure (Doc. No. 8) be and it is **denied**.

Dated this 9th day of September, 2011.

　　　　　　　　　　　　　　　　　　／s／ Lewis M. Blanton
　　　　　　　　　　　　　　　　　　LEWIS M. BLANTON
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE